Jones, J.
The first question confronting this court is whether Section 7, Article XII of the Constitution as amended in 1912, confers upon the legislature the right to tax, or to exempt from taxation, the estate of the decedent, or whether the power relates to exemptions laid upon estates received or succeeded to by the' beneficiaries.
At the outset it must be conceded that if the exemption referred to in that section relates to the former, that is, the decedent’s estate, ;the present inheritance tax laws of the state, Sections 5331 to 5334, inclusive, General Code, are void, since they do not carve the exemptions from the decedent’s estate, but from the amounts severally succeeded to by beneficiaries. Section 7, Article XII, reads as follows: *305 “Laws may be passed providing for the taxation of the right to receive, or to succeed to, estates, and such taxation may be uniform or it may be so graduated as to tax at a higher rate the right to.receive, or to succeed to, estates of larger value than to estates of smaller value. Such tax may also be levied at different rates upon collateral and direct inheritances, and a portion of each estate not exceeding twenty thousand dollars may Toe exempt from such taxation
It will be observed that the words “estate” and “estates” are used four times in the section quoted. The question here is whether the word “estate,” as used in the last clause, has the same meaning as “estates” employed in the first clause of the section. Upon this question several briefs have been filed in the case, some amici curiae, in the endeavor to assist the court in determining the question involved. If the word “estate” in the last clause of that section of the constitution has the same meaning as when used in the first clause, undoubtedly discretionary power is given the General Assembly to carve the exemption entirely from the amount received or “succeeded to” by the beneficiaries. In aid to a proper construction of this feature of the case we may advert to the fact that the people of Ohio adopted Section 2, Article XII of the Constitution, at the same time. they approved .Section 7, Article XII. Section 2, Article XII, relates to property taxation and exemptions, and is substantially similar to that which theretofore existed except that it permits an exemption of $500 personal property instead of the sum of $200 theretofore permitted. Section 7, Article XII, however, specifically covers a *306 new field of taxation. This article relates entirely to the taxation of inheritances, and, when submitted to the people of the state for approval, the form of ballot contained that statement.
An examination of the first clause of Section 7 discloses that the use of the word “estates” undoubtedly comprehended such estates as might be received or succeeded to. Twice in the first clause this word was used in that sense. Having thus employed the term as relating to the inheritance or estate succeeded to, a construction of the entire context of the section would seem to demand that the word “estate,” employed in the last clause, be given the same sense as in the former. In 1 Story on the Constitution, Section 400, the author, discussing the various rules of interpretation, quotes Mr. Blackstone upon that subject to this effect:-“If words happen to be dubious, their meaning may be established by the context, or by comparing them with other words and sentences in the same instrument.” Some stress is laid upon the fact that in the discussion of this phase of the quoted section, one Mr. Colton, a member of the Constitutional Convention, stated that in his opinion the exemption reached the decedent’s estate and not the estate received by an heir. While the debates in the Constitutional Convention may assist in determining the meaning of language of doubtful import used in the Constitution, and in the removal of doubts therefrom, they sometimes prove to be unsafe guides in the interpretation of the instrument, as the latter should be construed according to its import as it may have been presumed to have been understood by the people who ratified it.
*307 The legislative branch of the government, as shown by the enactment of contemporaneous legislation, has construed it otherwise, that the exemption in question should be taken from the estate succeeded to by the beneficiary. It is true that this legislation has not been acquiesced in for a long period of time, yet for some ten years this inheritance tax exemption law has been in effective operation and estates have been administered accordingly. And, since the validity of these inheritance tax-exemption laws is attacked for unconstitutionality, we may be permitted to quote the language employed by Judge Eanney in Cincinnati, Wilmington & Zanesville Rd. Co. v. Commissioners of Clinton County, 1 Ohio St., 77, 82, and Exchange Bank of Columbus v. Hines, 3 Ohio St., 1, 52, as follows: “The presumption is always in favor of the validity of the t law; and it is only when manifest assumption of authority and clear incompatibility between the constitution and the law appear, that the judicial power can refuse to execute it. Such interference can never be permitted in a doubtful case.” If the term “estate” employed in the last clause of Section 7, Article XII, is ambiguous, when taken in connection with the context of that section, and in view of the fact that the subject-matter under consideration was taxation and exemption of inheritances of estates succeeded to, we employ such a construction as will hold the tax inheritance law valid and will give it effective and practical operation. In view of the fact that the number of direct or collateral heirs varies, it is comprehensible why the inheritance tax should be laid upon the size of the *308 share received, rather than upon the property to be divided.
The particular section of the code under attack for its claimed invalidity, and -which was in force when this estate was administered, is Section 5332, General Code (94 O. L., 101, Sec. 1), which reads as follows: “The provisions of the next preceding section shall not apply to property, or interests in property, transmitted to the state of Ohio under the intestate laws of the state, or embraced in a bequest, de ■ vise, transfer or conveyance to, or for the use of the state of Ohio, or to or for the use of a municipal corporation or other political subdivision thereof for exclusively public purposes, or public institutions of learning, or to or for the use of an institution in this state for purpose only of public charity or other exclusively public purposes. The property, or interests in property so transmitted or embraced in such devise, bequest, transfer or conveyance shall be exempt from all inheritance and other taxes while used exclusively for any of such purposes.”
Under Schedule 20, adopted as part of the Constitution in 1912, this law continued in force until amended or repealed, if not inconsistent with the amendments to the constitution then adopted. In his argument to sustain the validity of the statute, the attorney general claims that the quoted section was in fact not an exemption but an exclusion from the operation of the inheritance tax law. The last clause of the section, however, discloses a legislative intention that the transfers named therein should “be exempt from all inheritance taxes” while used exclusively for the purposes named. Whether the *309 general assembly had theretofore a general grant of power to tax, under Section 1, Article II of the Constitution, is unimportant, for Section 7, Article XII, specifically authorized the taxation of inheritances, or what we have construed to be estates succeeded to by the beneficiaries.
Plaintiff in error seeks the entire exemption for the reason that it is a “public institution of learning, named in the section quoted. ’ ’ A question therefore arises whether the legislature could select such an institution and exempt it from the obligation of paying a succession tax. And certainly if the legislature had no power to exempt this institution, neither could it exempt bequests made to the state, or its political subdivisions or charitable institutions, -under the terms of that section. Under the general provisions of the constitution the legislature had full power to make a classification, if uniform; provided, of course, the basis of classification was not an arbitrary one. (City of Xenia v. Schmidt, 101 Ohio St., 437.) Certainly the classification made in Section 5332, General Code, separating public, charitable and educational institutions, was not unreasonable or arbitrary in view of the benefits accruing to the public as distinguished from those of a private nature. The state had always favored that feature as a basis for classification.
Could the state, in the exercise of this power, relieve this institution entirely from the tax?
Section 7 permitted a wide discretion in the legislature, by use of the language “laws may be passed” providing for taxation and exemptions therein named. The right to exercise both therefore sub *310 sists, and we must look elsewhere in this section for a legislative limitation of that power. An examination discloses that instead of a limitation, the grant is general. It provides that taxation may be uniform or graduated according to the value of the estate succeeded to. Different rates may be imposed upon direct and collateral inheritances. Section 7 gave the legislature discretionary power to exempt a “portion of each estate not exceeding twenty thousand dollars.” There was no limitation within the maximum embraced. The legislature was empowered to exempt a full sum, a portion thereof, or in its discretion no amount whatever. Having thus provided the specific maximum limitation, we may not add another to the effect that the legislature cannot wholly exempt a class from the succession tax if the class exempted is selected upon a reasonable basis.
In our opinion, therefore, the classification in which this institution of learning was placed was a proper one, and the legislature was authorized wholly to exempt it from the succession tax. By grammatical construction, punctuation and juxtaposition institutions embraced under the clause “public institutions of learning” are not confined to those located in this state. To so hold would be to give the clause a construction in violation of its plain import, and to attach to it a judicial construction not warranted by the statute. Our conclusion is that under Section 7, Article XII, aforesaid, the laws therein authorized touching taxation and exemption refer to the taxation and exemption of inheritances or estates succeeded to; that the legislature made an authorized classification in Section 5332, General Code, and that the legislature in its discretion may relieve such an in *311 stitution from the succession taxes; that the statute in question, in force at the time of the administration of this estate, exempted the plaintiff in error, as a public institution of learning, whether located within or without the state.
The judgment of the court of appeals will therefore be reversed, and that of the common pleas affirmed, and the cause remanded to the probate court for further proceeding according to law.

Judgment reversed.

Hough, Robinson, Matthias and Clark, JJ., concur. Marshall, C. J., and Wanamaker, J., dissent.